THOMPSON, C.J.
H.S. appeals an order of disposition after a plea. H.S. contends on appeal that the court erred when it disregarded the recommendation of the Department of Juvenile Justice (“DJJ”) for community control and instead imposed a Level 8 disposition. H.S. also argues that the court did not consider the predisposition report (“PDR”) before imposing the disposition. We affirm.
H.S. was charged with burglary of a conveyance, grand theft of a motor vehicle and aggravated battery with a deadly weapon, and pled nolo contendere to lesser charges. After the plea, the court ordered a predisposition report and scheduled a dispositional hearing. After hearing testimony from H.S.’s family and attorney, the court wrestled with the appropriate disposition for H.S. Family members testified they needed him at home to help support the family. H.S.’s attorney stated that the child had a drug problem and had a pending drug charge. The court learned that, contrary to the child’s statement in the PDR, H.S. continued to smoke marijuana. The court opined that a Level 6 commitment would be appropriate because it had a drug counseling component, but then decided to follow DJJ’s recommendation of community control. After deciding the disposition and the conditions of community control, the following colloquy occurred:
THE COURT: We come in this world and we go out like that, and God will judge us all. You — your family depends on you. Why would you act like this?
THE INTERPRETER: I don’t know.
THE COURT: I don’t know, either; that’s why I’m asking. All right, going to try probation until he’s 19, with an electronic monitor for the first year, 6:00 p.m. curfew.
THE INTERPRETER: One year?
THE COURT: One year; 6:00 p.m. curfew.
THE INTERPRETER: Well, if you’re going to do that, why don’t you just let — send me to Level 6?
THE COURT: Why don’t I send you to Level 8? Put him in handcuffs. Let’s try a Level 8. Thank you very much.
Section 985.23(3)(c), Fla. Stat. (1999) provides in part:
(c) The court shall commit the child to the department at the restrictiveness level identified or may order placement at a different restrictiveness level. The court shall state for the record the reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department. Any party may appeal the court’s findings resulting in a modified level of restrictiveness pursuant to this paragraph.
(emphasis added).
H.S. argues the reasons given by the court do not support a Level 8 commitment. Moreover, since the trial court did not comply with the statute, H.S. argues, reversal is mandatory. See E.L. v. State, 715 So.2d 353 (Fla. 1st DCA 1998). Here, the court gave reasons supported by a preponderance of the evidence. The trial court stated:
And for the record, the reason that I’m — sentenced him to a Level 8 is because I was trying to explore other options, he showed a complete lack of remorse and attitude that he was not going to cooperate with the Court. He had engaged in a felony, and while in the process of committing that felony, was confronted by the victim, and attacked the victim with the screwdriver. In addition, he admitted on the record that he’s continuing to take *1076 drugs. And therefore, I think a Level 8 commitment is appropriate.
The trial court heard testimony that the child continued to use drugs; that the child had a pending drug charge; and that the child had a poor attitude. These findings and explanation support the disposition. A.G. v. State, 737 So.2d 1244 (Fla. 5th DCA 1999); A.C.N v. State, 727 So.2d 368 (Fla. 1st DCA 1999).
We find no merit in H.S.’s contention that the court did not have a PDR. The record shows that the court considered the PDR while contemplating the disposition. In fact, the court learned from the PDR that H.S. had stated he was no longer smoking marijuana.
Perhaps the moral of the story, which applies to lawyers and juveniles, is that when you are winning, it is best to keep your mouth closed and your ears open.
AFFIRMED.
HARRIS and SAWAYA, JJ„ concur.